UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00292-MR

| | |
|---|---|
| MICHAEL JOSEPH BULLOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MICHAEL MARTIN, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 6].

**I.     BACKGROUND**

Pro se Plaintiff Michael Joseph Bullock ("Plaintiff") is a North Carolina state inmate currently incarcerated at Avery/Mitchell Correctional Institution in Spruce Pine, North Carolina. He filed this action on October 9, 2020, pursuant to 42 U.S.C. § 1983, naming as Defendants Michael Martin, identified as a booking officer at the Haywood County Sheriff's Office ("Sheriff's Office"), and Larry Earl, identified as a Corporal and booking officer at the Sheriff's Office. [Doc. 1].

Plaintiff alleges that, on January 2, 2020 at approximately 8:00 a.m., he was taken in handcuffs to a cell in the booking area that was unsanitary. Because Plaintiff did not want to go into the cell, Defendants "slammed [Plaintiff] against the wall," causing Plaintiff's face to hit and bounce off the wall. Plaintiff's legs were "took out from under [him]," causing him to fall while handcuffed. Plaintiff's eye was "split wide open" and he landed on his "rectal area." [Doc. 1 at 5].

For injuries, Plaintiff claims that his left eye was scarred, "black for a month," and occasionally blurry and that he has scars on his wrists from the handcuffs. [Id.].

For relief, Plaintiff seeks compensatory and punitive damages. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). To state an excessive force claim, a pretrial detainee must show only that the force "purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389 (2015). The standard for assessing a pretrial detainee's excessive force

claim is "solely an objective one." Id. In determining whether the force was objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. (citing Graham, 490 U.S. at 396).

Taking Plaintiff's allegations as true for the purposes of this initial review and drawing all reasonable inferences in his favor, Plaintiff states a Fourteenth Amendment claim against Defendants.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the Plaintiff's Complaint against Defendants for violation of Plaintiff's Fourteenth Amendment rights survives initial review.

## ORDER

The Clerk of Court is instructed to mail two (2) blank summonses to Plaintiff to fill out and identify Defendants Michael Martin and Larry Earl for service of process, and then return the summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service on Defendants. As the Court receives the summonses from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon Defendants.

**IT IS SO ORDERED**.

Signed: December 7, 2020

Martin Reidinger
Chief United States District Judge