UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00292-MR

| | |
|---|---|
| MICHAEL JOSEPH BULLUCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MICHAEL MARTIN, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's "Attachment to Complaint" [Doc. 15], which the Court construes as a motion to amend his Complaint.

Plaintiff filed a Complaint on October 9, 2020, under 42 U.S.C. § 1983, against two defendants, Michael Martin and Larry Earl. [Doc. 1]. Plaintiff alleges that Defendants, both identified as booking officers at the Haywood County Sheriff's Department, used excessive force against Plaintiff. [Id.]. The Complaint survived initial review. [Doc. 8]. Defendants answered Plaintiff's Complaint on January 26, 2021. [Doc. 11]. The Court entered a Pretrial Order and Case Management Plan setting the deadline for motions to amend and join parties as March 24, 2021. [Doc. 12].

Now before the Court is Plaintiff's document that he calls an "Attachment to Complaint." [Doc. 15]. In this document, Plaintiff provides additional elaboration on the allegations of his Complaint. He does not name any additional Defendants or purport to assert any additional claims against the Defendants. [See id.].

It is unclear why Plaintiff filed this "Attachment to Complaint" with this Court. To the extent Plaintiff intended to amend his Complaint in this matter to make additional factual allegations regarding the incident, the Court construes the document as a motion to amend. Leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15. However, "a district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse 'to grant the leave without any justifying reason.'" Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile. Id.

Here, Plaintiff has not attached a proposed amended complaint to his motion. To amend his Complaint, Plaintiff must make a motion and submit a proposed amended Complaint that contains all claims he intends to bring

in this action against all Defendants he intends to sue and states all relief he is seeking. Furthermore, if Plaintiff amends his Complaint, the original Complaint would be superseded, meaning that if an amended Complaint omits claims raised in the original Complaint, the plaintiff has waived the omitted claims. Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

Furthermore, it appears that even if Plaintiff had properly submitted a motion to amend and a proposed amended complaint, the amendment would not add to his case. While Plaintiff elaborates on the factual allegations of his original Complaint, he does not raise any additional claims or seek to add any additional Defendants. As such, Plaintiff's "Attachment to Complaint" has no practical effect. The Court will, however, deny Plaintiff's motion without prejudice. Should Plaintiff wish to properly move to amend his Complaint within the deadline set by the Court, he may do so.

In sum, the Court will deny the Plaintiff's motion to amend his Complaint without prejudice.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion [Doc. 15] is **DENIED** without prejudice in accordance with the terms of this Order.

**IT IS SO ORDERED**.

Signed: March 6, 2021

Martin Reidinger
Chief United States District Judge